IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL ACTION |
| JOSE GONZALEZ-RIVERA, | NO. 92-0055 |
| Defendant. | |

**OPINION**

**Slomsky, J.**   February 12, 2013

## I.   INTRODUCTION

On October 9, 2012, the Court entered an Order denying Defendant's Motion to Amend Pursuant to the Relation Back Doctrine. (Doc. No. 201.) Defendant appealed this Order to the Third Circuit Court of Appeals. On February 11, 2013, the Court of Appeals entered an Order remanding this case "for the sole purpose of either issuing a certificate of appealability or stating why a certificate of appealability should not issue." The Court has reviewed Defendant's Motion again and, for reasons that follow, the Court finds there is no basis for the issuance of a certificate of appealability because Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## II.   BACKGROUND[1]

On February 7, 1992, Defendant was charged with multiple drug distribution offenses as described below. (Doc. No. 207 at 1.) On September 24, 1992, he was convicted of: conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); participating in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 2); possession of cocaine with intent

---

[1] This Background is adopted from the Court's Opinion dated May 18, 2012. (Doc. No. 210.)

1

to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts 5-6); and use of a communication facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b) (Count 8). (Id.)

On April 23, 1993, the late Honorable Robert Gawthrop, III, following the United States Sentencing Guidelines (the "Sentencing Guidelines") as set forth in the probation officer's Presentence Investigation Report, sentenced Defendant to life in prison. (Id. at 2.) On November 7, 2000, the Honorable James T. Giles resentenced Defendant to thirty-six years imprisonment. (Doc. No. 8.) On May 6, 2003, Defendant filed a Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255. (Doc. No. 150.) On June 23, 2004, Judge Giles denied Defendant's § 2255 Motion. (Doc. No. 158.)

### III. STANDARD OF REVIEW

"A [certificate of appealability] will issue only if the requirements of [28 U.S.C. § 2253] have been satisfied."[2] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Section 2253 "permits the issuance of a [certificate of appealability] only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Id. "The [certificate of appealability]

---

[2] 28 U.S.C. § 2253 provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Id.

IV.     ANALYSIS

The Court has reviewed Defendant's Motion to Amend Pursuant to the Relation Back Doctrine and the attached transcript, and has determined there is no substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not be issued.

Despite the title of Defendant's Motion, his filing attempts to attack his sentence and gain post-conviction relief, and is made pursuant to 28 U.S.C. § 2255. Defendant argues that his counsel was ineffective during the resentencing hearing held before Judge Giles on November 7, 2000 because counsel "abandon[ed] the remand issue and [took] up one of counsel's own making." (Doc. No. 201 at 6.) It appears that Defendant believes his counsel failed to properly address the legal issues before the court during resentencing, and instead made legally flawed arguments. In particular, he argues that counsel should not have argued an "Apprendi type of claim," apparently in reference to Apprendi v. New Jersey, 530 U.S. 466 (2000).

Defendant's arguments do not persuade the Court that he has demonstrated a "substantial showing of the denial of a constitutional right." In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court held that "every criminal defendant has a Sixth Amendment right to 'reasonably effective [legal] assistance.'" McBride v. Superintendent, SCI Houtzdale, 687 F.3d 92, 102 (3d Cir. 2012) (quoting Strickland, 466 U.S. at 687). In order to show that the performance of counsel was deficient, defendant "must prove that 'counsel's representation fell below an objective standard of reasonableness.'" Id. (quoting Strickland, 466 U.S. at 688).

> In scrutinizing counsel's performance, we "must be highly deferential," and refrain from "second-guess[ing] counsel's assistance after conviction or adverse sentence, [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

3

unreasonable." We must "eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Deficient performance can only be found when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."

Id. (quoting Strickland, 466 U.S. at 687, 689) (internal citations and footnote omitted).

Here, it is clear from a review of Defendant's Motion and the attached transcript that his counsel was not deficient as defined by Strickland. The transcript demonstrates that Defendant's counsel zealously advocated on his behalf. Although Defendant complains that counsel improperly argued the Apprendi case, it appears to this Court that the argument was sound.[3]

In addition, as noted in the Court's Order dated October 9, 2012, Defendant has already filed a prior motion under 28 U.S.C. § 2255, which was denied. (Doc. No. 158.) In order to file a second or successive § 2255 motion, the court of appeals must certify that the successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C § 2255(h). Because the court of appeals has not provided such certification, the instant Motion is improper.

V. CONCLUSION

No certificate of appealability will be issued because Defendant has not "made a substantial showing of the denial of a constitutional right."

An appropriate Order follows.

---

[3] In Apprendi, the U.S. Supreme Court held, inter alia, that any fact which increases the statutory maximum penalty must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490. At resentencing, Defendant's counsel argued that because the jury did not make a determination as to the quantity of narcotics Defendant had in his possession, the resentencing court was obligated to sentence Defendant under the lowest penalty scheme.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE GONZALEZ-RIVERA,<br>        Defendant. | CRIMINAL ACTION<br>NO. 92-0055 |

## **ORDER**

**AND NOW**, this 12th day of February 2013, upon consideration of Defendant's Motion to Amend Pursuant to Relation Back Doctrine (Doc. No. 201) and the Order of the Court of Appeals dated February 11, 2013, it is **ORDERED** that there is no basis for the issuance of a certificate of appealability because Defendant has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

                              BY THE COURT:


                              /s/ Joel H. Slomsky
                              JOEL H. SLOMSKY, J.